**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**PATRICIA D. BROSNAN,**

    Appellant,

**v.**                                                                                  **CASE NO. 3:05-cv-536-J-16MCR**

**AMERICAN EDUCATION SERVICES,**

    and

**THE EDUCATION RESOURCES INSTITUTE, INC.,**

    Appellees.

_____/

## ORDER

Appellant, Patricia D. Brosnan, appeals the Bankruptcy Court's Judgment, dated April 20, 2005, entered pursuant to Findings of Fact and Conclusions of Law of the same date, that Appellant's student loan debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(8). This Court is sitting in appellate capacity. It therefore must review the Bankruptcy Court's legal conclusions de novo and must accept the Bankruptcy Court's factual findings unless they are clearly erroneous. See e.g., In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996). "A factual finding is not clearly erroneous unless [the Court], 'after reviewing all of the evidence, [is] left with the definite and firm conviction that a mistake has been committed.'" In re Cox, 338 F.3d 1238, 1241 (11th Cir. 2003)(internal quotation omitted).

Appellant initially challenges that the Bankruptcy Court "incorrectly denied admission" of her corroborating evidence of medical ailments (Dkt. 14 at 12). Appellant asserts she attempted to admit an

authenticated letter from her treating physician Dr. Moustafa Eldick, a deposition of a records custodian, with attached exhibits, working at Dr. Eldick's office as well as other medical records and bills. Appellant further asserts that based upon bankruptcy student loan precedent, this corroborating evidence should have been admitted. Id. at 13 (citing Doherty v. United Student Aid Funds, Inc., 219 B.R. 665, 669 (Bankr. W.D.N.Y. 1998)).[1]

Appellees respond that the Bankruptcy Court's decision to refuse to admit Appellant's referenced evidence was proper as it violated the discovery deadline in the Bankruptcy Court's Scheduling Trial Order and because issues of inadmissible hearsay were involved (Dkt. 21 at 28, Dkt. 23 at 2). Appellees also argue that such an evidentiary ruling by the Bankruptcy Court is reviewed only for an abuse of discretion. See Ad-Vantage Tel. Directory Consultants v. GTE Directories Corp., 37 F.3d 1460, 1463 (11th Cir. 1994); Lancaster Steel Co. v. Dresdner Bank Latinamerika A.G., (In re Lancaster Steel Co.), 284 B.R. 152, 157 (S.D. Fla. 2002).

After considering the parties arguments, this Court agrees with the Appellees. The evidence Appellant attempted to admit was found by the Bankruptcy Court to have hearsay concerns and also to be violative of the Scheduling Trial Order. This Court does not find these rulings by the Bankruptcy Court to constitute an abuse of discretion. Ad-Vantage Te. Directory Consultants, 37 F.3d at 1463 (citing Aetna Casualty & Surety Co. v. Gosdin, 803 F.2d 1153, 1159 (11th Cir. 1986)).

Appellant also contends the Bankruptcy Court erred in its determination that Appellant was not entitled to a discharge of her student loans. Appellant asserts she qualifies for a discharge of her student

---

[1] Appellant does note that she "is not resting her entire case only on her medical condition; she is resting it on advanced age, medical condition, employment and business failure, no assets, no future assets or inheritances, and extraordinary good faith efforts." (Dkt. 14 at 16).

loan debt pursuant to 11 U.S.C. § 523(a)(8) as she meets the requirements of undue hardship.[2]

Conversely, Appellees argue the Bankruptcy Court's Judgment should be affirmed.

After thoroughly reviewing the record, and despite Appellant's unfortunate discomfort, this Court agrees with the Appellees and finds the Bankruptcy Court's Judgment should be affirmed. The Bankruptcy Court properly applied the undue hardship definition set out by the Second Circuit in Brunner v. New York State Higher Educ. Serv., 831 F.2d 395 (2d Cir. 1987) and adopted by the Eleventh Circuit in Hemar Ins. Corp. Of Am. v. Cox (In re Cox), 338 F.3d 1238, 1240 (11th Cir. 2003). According to the Brunner test, the undue hardship exception to § 523(a)(8) requires a debtor prove that:

> (1) she cannot maintain, based on current income and expenses, a "minimal" standard of living for her herself and her dependents if forced to repay the loans;
> (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and
> (3) that she has made good faith efforts to repay the loans.

Brunner, 831 F.2d at 396. The Bankruptcy Court found Appellant failed to satisfy any of these three prongs. This Court agrees. Specifically, this Court finds that despite Appellant's arguments to the contrary, the purchase of a 2004 Toyota 4-Runner SR5 for between $ 26,000.00 and $ 29,000.00, with a monthly expense of approximately $ 842.00, to be problematic.[3] Appellant's evidence, or lack

---

[2] 11 U.S.C. § 523(a)(8), in pertinent part, provides:
(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –
(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

[3] Again, the Court does note Appellant's contentions that her vehicle is used 70% of the time for business purposes (Dkt. 14 at 24-25). Nevertheless, as the Bankruptcy Court stated, "[it] cannot find that a monthly car expense of $ 842.00 for a 4-Runner qualifies as a minimum expense. Although the $ 842.00 encompasses the car payment, insurance payment and transportation costs, a debtor should be able to

3

thereof, is also significant.

Consequently, and based upon the above, the Court concludes that the Bankruptcy Court's factual findings were not clearly erroneous and that the Bankruptcy Court did not err in its legal conclusions.

Accordingly, upon due consideration, it is hereby **ORDERED**:

1. The Bankruptcy Court's Judgment dated April 20, 2005, is **AFFIRMED**. The Clerk is directed to transmit a certified copy of this Order to the clerk of the bankruptcy court and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this __6th____ day of September 2005.

copies:
The Honorable Jerry A. Funk,
United States Bankruptcy Judge
Counsel of record

_____
JOHN H. MOORE II
United States District Judge

---

operate a car for much less than $ 842.00 a month." (Dkt. 22, Attachment of Findings of Fact and Conclusions of Law at 6).